IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| POLAR ENERGY (JERSEY) and W2 LIMITED, | § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| V. | | CASE NO. 4:12-cv-01779 |
| GLOBAL GAS & REFINING LIMITED and PK MARSYM (BERMUDA) LTD., | | |
| | | USDJ:   SIM LAKE |
| Defendants. | | USMJ: |

## ANSWER, COUNTER-CLAIMS AND THIRD-PARTY CLAIMS OF DEFENDANTS GLOBAL GAS AND REFINING LIMITED AND PK MARSYM (BERMUDA) LTD.

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW, DEFENDANTS GLOBAL GAS AND REFINING LIMITED AND PK MARSYM (BERMUDA) (hereinafter collectively, "Defendants") in the above-styled and numbered cause of action, and in accordance with FED.R.CIV.P. §§8 and 12 and file this their Answer to Plaintiffs' Original Complaint for Declaratory Judgment & Damages [Document 1], Counter-Claims and Third-Party Claims as follows:

### I.
### ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT & DAMAGES

1. Defendants admit the allegations in Paragraph 1, with the exception that Polar has not acquired a certificate of authority to do business in Texas.

2. Defendants admit the allegations in Paragraph 2, with the exception that W2 has not acquired a certificate of authority to do business in Texas.

3. Defendants admit the allegations in Paragraph 3 to the extent that Global is a Nigerian Company that does not do business in Texas.

4. Defendants admit the allegations in Paragraph 4.

5. Defendants deny that this court has diversity jurisdiction. Specifically, Plaintiffs allege that each of them has a principal place of business in Texas and that Global's United States office, from which all negotiations in this case have been centered, is also in Texas; if such is the case as pleaded by Plaintiffs, no diversity exists as Global's Texas office would be considered a principal place of business and at least one Plaintiff and one Defendant would be domiciles of Texas defeating diversity jurisdiction. However, neither the Plaintiffs nor the Defendants have a certificate of authority to do business in Texas and all are foreign entities; to that end, there exists no basis for jurisdiction under 28 USC §1332 between the two Plaintiffs that are citizens of two foreign countries (Channel Islands and Cayman Islands) and the Defendants of two foreign countries (Nigeria and Bermuda) even though venue would exist as the contracts in question and the causes of action in question arose in great part from dealings in Texas. Jurisdiction may be proper in Texas state courts, but not in the United States District Courts under diversity. In the promissory notes, the parties agreed that Texas law shall govern, but there is no choice of venue provision. There is no federal question alleged or any other basis for federal jurisdiction alleged by the

Plaintiffs. Defendants admit that the amount in controversy is over $75,000.00 US.

6. Defendants admit that venue is proper under 28 USC §1391(b)(2) but not under (b)(3).

7. Defendants deny the allegations in Paragraph 7.

8. Defendants deny that Global approached Polar, but otherwise, Defendants admit the allegations in Paragraph 8.

9. Defendants generally admit the allegations in Paragraph 9.

10. Defendants admit that the LOA referenced in Paragraph 10 contains the listed terms and that Polar was to advance funds related to a joint venture.

11. Defendants admit that the documents referenced in Paragraph 11 contain transactional terms between the parties. Defendants deny the enforceability of such documents.

12. Defendants admit that the documents referenced in Paragraph 12 contain transactional terms between the parties and that Polar advanced funds related to a joint venture. Defendants deny the enforceability of such documents.

13. Defendants admit that the documents referenced in Paragraph 13 contain transactional terms between the parties and that Polar advanced funds related to a joint venture. Defendants deny the enforceability of such documents.

14. Defendants admit that the documents referenced in Paragraph 14 contain transactional terms between the parties. Defendants deny the Polar is entitled

to or obtained legal title to the MS SYMPHONY due to matters related in the affirmative defenses, counter-claims and third-party claims below.

15. Defendants admit that the documents referenced in Paragraph 15 contain transactional terms between the parties. Defendants deny the enforceability of such documents.

16. Defendants admit that the documents referenced in Paragraph 16 contain transactional terms between the parties. Defendants deny the enforceability of such documents.

17. Defendants admit the allegations in Paragraph 17, specifically that it was W2's representations and agreements of expertise and funding, that were promised and agreed for W2's contribution to the joint venture, but further that the principals of W2, Polar and others, including but not limited to David Waller, Waller Marine, Inc., Jeff Greenwalt and Wintara, Inc. promised funding which they knew they did not have, were unsure they could obtain, falsified information about obtaining in order to delay and ultimately did not obtain.

18. Defendants admit that the documents referenced in Paragraph 18 contain transactional terms between the parties. Defendants deny the enforceability of such documents.

19. Defendants admit that the documents referenced in Paragraph 19 contain transactional terms between the parties. Defendants deny the enforceability of such documents.

20. Defendants admit that the documents referenced in Paragraph 20 contain transactional terms between the parties. Defendants deny the enforceability of such documents.

21. Defendants admit the allegation in Paragraph 21.

22. Defendants admit that the funding provided in advances to the joint venture totals $6,450,000. Defendants otherwise deny the allegations in Paragraph 22, specifically that money advanced could or should be properly characterized as "loaned".

23. Defendants admit that the documents referenced in Paragraph 23 contain transactional terms between the parties. Defendants deny the enforceability of such documents.

24. Defendants admit that the documents referenced in Paragraph 24 contain transactional terms between the parties. Defendants deny the enforceability of such documents.

25. Defendants admit that as of June 1, 2012, the total money advanced by Plaintiffs has not been recouped by the Plaintiffs. Otherwise, Defendants deny the allegations in Paragraph 25.

26. Defendants admit that the documents referenced in Paragraph 26 contain transactional terms between the parties. Defendants deny the enforceability of such documents.

27. Defendants admit that the documents referenced in Paragraph 27 contain transactional terms between the parties.

28. Defendants admit demand was made, otherwise Defendants deny the allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants admit that the documents referenced in Paragraph 32 contain transactional terms between the parties. Defendants deny the enforceability of such documents.

33. Defendants admit that the documents referenced in Paragraph 33 contain transactional terms between the parties. Defendants deny the enforceability of such documents.

34. Defendants deny the allegations in Paragraph 34, but admit that the documents referenced in Paragraph 34 contain transactional terms between the parties. Defendants deny the enforceability of such documents.

35. Paragraph 35 is not an averment that requires admission or denial.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations and oppose the relief sought in Paragraph 37 including all of its subparts.

38. Paragraph 38 is not an averment that requires admission or denial.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny all allegations set forth in paragraph 46 entitled "Prayer for Relief".

47. Defendants deny all allegations set forth in paragraph 47 entitled "Prayer for Relief".

## II.

## AFFIRMATIVE DEFENSES

48. Defendants assert the affirmative defense of fraud in the inducement.

49. Defendants assert the affirmative defense of fraud.

50. Defendants assert the affirmative defense of unconscionablility.

51. Defendants assert the affirmative defense of waiver.

52. Defendants assert the affirmative defense of failure to mitigate.

53. Defendants assert that the actions of the Plaintiffs and of others in concert with the Plaintiffs are the sole cause, alternatively a contributing cause of the damages they allege.

54. Defendants allege the affirmative defense of detrimental reliance.

55. Defendants allege the affirmative defense of novation.

56. Defendants allege the affirmative defense of discharge by Plaintiffs own material breach of contract.

57. Defendants allege the affirmative defense of discharge by Plaintiffs own breach of fiduciary duty.

## III.

## FACTS SUPPORTING COUNTER-CLAIMS AND THIRD PARTY CLAIMS

58. The following are Third-Party Defendants to this action:

    a. David Waller ("Waller") is an individual and resident of Houston, Harris County, Texas who can receive service of process at his business, located at 14410 W Sylvanfield Drive, Houston, Texas 77014.

    b. Waller Marine, Inc. ("Waller Marine") is a Texas Corporation that can receive service of process by and through its registered agent, David Waller who is located at 14410 W Sylvanfield Drive, Houston, Texas 77014.

    c. Jeff Greenwalt ("Greenwalt") is an individual and resident of Indianapolis, Indiana but who can receive service of process at his place of business at 6710 Oxon Hill Road, Fifth Floor, National Harbor, Maryland 20745.

    d. Wintara, Inc. ("Wintara") is a Delaware Corporation that can receive service of process by and through its President, Isaac Gibson who is located at 6710 Oxon Hill Road, Fifth Floor, National Harbor, Maryland 20745.

59. W2 is a foreign corporation controlled by its directors in proportion to ownership, 51% by David Waller and 49% by Wintara.

60. W2's managing director is David Waller.

61. Wintara is directed and controlled by its principal, Greenwalt.

62. Waller Marine is directed and controlled by its principal, David Waller.

63. Prior to the formation of W2, David Waller approached Kenneth Yellowe of Global with the prospect of a joint venture as described by the Plaintiffs and which ultimately was the subject of a fully signed Joint Venture Closing Agreement [Document 1-F] (the "JVCA") and a Global W2 Joint Venture Agreement referred to by the parties as the Definitive Agreement ("DA").

64. Global controlled the MS SYMPHONY which was owned by PK Marsym. Global further had facilities in Nigeria for the production of fuel products that was in need of repair and also had contacts with and past, present and prospective contracts with a large multinational corporation with hundreds of millions of dollars with past and expected full production net profit at or exceeding $103,000.00 US per day.

65. As part of the joint venture, Waller and Waller Marine stated that they had recently closed a $320,000,000.00 US project and had ample funding to provide to the joint venture and desire to expand into Africa, specifically Nigeria. Waller Marine was to provide funding of $16,700,000.00 US (in cash and perhaps third-party financing) which was to be used for the purposes of readying the MS SYMPHONY and other facilities in Nigeria for production capability for the production, marketing and selling of

NGL/LPG, methanol, LNG, Residual Gas and other products. Further, Global by the JVCA and confidentiality agreements associated, Global was prohibited from seeking funding elsewhere. As part of the Joint Venture, Waller Marine was then to build other marine facilities to ensure and increase profitability through at least December 31, 2036.

66. Waller and Waller Marine however touted their $320,000,000.00 US finalized project as security that funding would occur for the joint venture.

67. In reliance upon such representations, Global and Waller and Waller Marine discussed advance of funds to Global to secure title to the MS SYMPHONY without mortgage in the name of PK Marsym, to pay for ongoing operation and maintenance and improvements of the Global facilities in Nigeria and for the benefit of the joint venture. These were always considered an advance on the $16,700,000.00 US joint venture funding from Waller Marine for Waller's benefit and that of W2. Before the DA was signed, the parties orally agreed that the advanced funds would be part of the $16,700,000.00 US funding and *not* a loan.

68. Waller and Waller Marine however misrepresented the availability of the funds and either did not have, could not obtain or would not use its own funds to capitalize the joint venture. This was not disclosed to Global.

69. Global relied upon these representations to seek and obtain advanced funding, to avoid seeking funding from other sources or entering joint ventures with others, to enter agreements relating to the advance of funds

10

(including but not limited to the notes upon which the Plaintiffs are suing), to delay being able to mitigate its own damages, and other matters that caused Global damage.

70. Waller Marine enlisted Greenwalt and Wintera to seek funding sources.

71. Greenwalt and Wintera represented that they could obtain funding. From July 2011 through the JVCA contractual closing date of September 1, 2011, then by extension to October 19, 2011, and then by further extension to November 11, 2011, Greenwalt and Wintera, on behalf of Waller, Waller Marine and W2, continually represented that funding was imminent.

72. Greenwalt eventually began supplying Global with what appears to have been fraudulent documents, some from banks that upon information and belief do not exist, representing that funding was imminent. These representations were false, or were with reckless disregard as to truth or falsity, and were intended to keep Global from calling a breach of the JVCA, terminating the joint venture, and seeking alternative financing for Global's business ventures in Nigeria.

73. In November 2011, without funding and without W2, Waller Marine, Waller, Greenwalt or Wintera able to confirm represented bank transfers, funding, etc., Global was forced to terminate the joint venture so as to attempt to mitigate its damages.

74. All of the above delays – from May 2011 to November 2011, caused Global damages in the amount of at least $103,000.00 US per day, and

perhaps more, in production of profit; damages in the attorneys fees spent to facilitate the joint venture that was merely a fraud and scheme to keep Global from seeking other business ventures to make such profits; and other direct and consequential damages.

### III.

### COUNTER-CLAIMS AND THIRD PARTY CLAIMS

COUNT 1 – BREACH OF CONTRACT

(All Counter-Plaintiffs)

75. Defendants incorporate the above paragraphs as if set forth full again here.

76. The Plaintiffs (Counter-Defendants) and Waller, Waller Marine, Greenwalt and Wintera (collectively "Third-Party Defendants"), are liable for breach of contract.

77. The contract that is the JVCA included provisions of funding. The Third-Party Defendants failed to complete or make such funding and thereby breached the JVCA resulting in Defendants'' damages.

COUNT 2 – TORTIOUS INTERFERENCE

(Global Only Counter-Plaintiff)

78. Global incorporates the above paragraphs as if set forth full again here.

79. Waller and Waller Marine are liable for breach of contract, tortious interference with contract and with business relations.

80. Waller and Waller Marine signed agreements by which they were bound not to compete against nor contact Global customers in Nigeria. Waller and

Waller Marine have done so interfering with the relationships of Global and breaching the contract by which they agreed not to make such contacts resulting in Global's damages.

## COUNT 3 – BREACH OF FIDUCIARY DUTY

(All Counter-Plaintiffs)

81. Defendants incorporate the above paragraphs as if set forth full again here.

82. The Plaintiffs and Third-Party Defendants are liable for breach of fiduciary duties.

83. The Plaintiffs and Third-Party Defendants acted in concert and as one in these matters.

84. The joint venture and relationships between the parties create the fiduciary duties of loyalty and full disclosure. The Plaintiffs and Third-Party Defendants made false representations, induced Defendants into accepting advances and improperly characterized them as loans to protect what was actually an investment on which they were to run the risk of loss, misrepresented the loan terms, misrepresented funding ability for the joint venture, misrepresented the likelihood of funding to restrain Defendants from leaving the joint venture and otherwise making profit and mitigating losses, all of which directly caused the damages of Defendants.

## COUNT 4 – <u>FRAUD AND NEGLIGENT MISREPRESENTATION</u>

(All Counter Plaintiffs)

85. Defendants incorporate the above paragraphs as if set forth full again here.

86. The Plaintiffs and Third-Party Defendants, are liable for fraud and misrepresentation.

87. The Plaintiffs and Third-Party Defendants acted in concert and as one in these matters.

88. The Plaintiffs and Third-Party Defendants made false representations as fact, made them with knowledge they were false or with reckless disregard as to truth or falsity, intended that Defendants would rely upon them which they did to their detriment.

89. More specifically, the Plaintiffs and Third-Party Defendants induced Defendants into accepting advances and improperly characterized them as loans to protect what was actually an investment on which they were to run the risk of loss, misrepresented the loan terms, misrepresented funding ability for the joint venture, misrepresented the likelihood of funding to restrain Global from leaving the joint venture and otherwise making profit and mitigating losses, all of which directly caused the damages of Global.

## COUNT 5 – <u>INTEGRATED ENTERPRISE / VICARIOUS LIABILITY / JOINT AND SEVERAL LIABILITY</u>

(All Counter-Plaintiffs)

90. Defendants incorporate the above paragraphs as if set forth full again here.

91. The Plaintiffs and Third-Party Defendants, in all of the above particulars acted as an integrated enterprise, or vicariously for one another, such that they should be held vicariously and jointly and severally liable for the damages herein alleged by the Defendants.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that:

A. This Answer be deemed good and sufficient;

B. The Complaint be dismissed for want of jurisdiction or alternatively on the merits at Plaintiffs' cost and that there be judgment in favor of the Defendants, or one or more of them; and

C. That the Counter-Defendants and Third-Party Defendants be served and provide answer, and that they be found liable for the damages of the Defendants as asserted herein.

D. Defendants further pray for general and equitable relief as the law and nature of the case may allow, including but not limited to attorneys fees, expenses and costs of court.

///

///

///

Respectfully submitted,

_____
Charles H. Peckham
TBN: 15704900
FBN: 15770
cpeckham@peckhampllc.com
Mary A. Martin
TBN: 00797280
FBN: 12272
mmartin@peckhampllc.com

PECKHAM, PLLC
Two Bering Park
800 Bering Drive, Suite 220
Houston, Texas 77057
(713) 574-9044
(713) 493-2255 – facsimile


/s/ David A. Chaumette

_____
David A. Chaumette
TBN: 00787235
FBN: 18936

CHAUMETTE, PLLC
2245 Texas Drive, Suite 300
Sugar Land, Texas 77479
Telephone: 281-566-2530
Facsimile: 281-866-0531

**COUNSEL FOR DEFENDANTS GLOBAL GAS AND REFINERY LIMITED AND PK MARSYM (BERMUDA) LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all known counsel of record in compliance with the Federal Rules of Civil Procedure on this 27th day of July 2012, as follows:

David S. Bland
Brian J. Comarda
LeBlanc Bland, PLLC
1717 St. James Place, Suite 360
Houston, Texas 77056

**COUNSEL FOR PLAINTIFFS**

_____
Charles H. Peckham